UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ERNEST WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:13-CV-149 |
| ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Administrative Record [Doc. 9], and the defendant's Motion For Summary Judgment. [Doc. 10].  Plaintiff Ernest Wells ("Wellls") seeks judicial review of the Decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 50 years of age in October, 2011, when the ALJ issued the Decision (Tr. 23, 120).  Wells has a high school education (Tr. 175).  He has work experience as a pizza delivery driver, custodian, assembler, and taxi driver (Tr. 159).

1

On June 29, 2009, Wells protectively filed an application for a period of disability, and disability insurance benefits (DIB) (Tr. 15, 63, 65). Wells alleged that he became unable to work on July 15, 2008 (Tr. 17, 120). The application was denied initially, and on reconsideration (Tr. 67, 73-75). On October 7, 2011, an ALJ issued a partially favorable decision finding that Wells was not disabled any time prior to March 18, 2011, but became disabled beginning on that date due to a change of age category on that date[1] (Tr. 22-23). The Appeals Council denied Plaintiff's request for review of the ALJ's Decision (Tr. 1-6), and this case is now ripe for review under 42 U.S.C. § 405(g).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here. The ALJ determined that Wells, prior to March 18, 2011, had the RFC to perform sedentary work, with certain restrictions, including that he be able to alternate sitting and standing every hour (Tr. 19).

The parties have filed Memoranda [Docs. 9-1, 11]. Wells also filed a Reply Brief [Doc. 12].

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v.

---

[1] The change in age category on that date mandated a finding of "disabled" by direct application of Medical-Vocational Rule 201.14.

2

Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).  If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed.  Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Rogers v. Comm'r of Soc. Sec.,  486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently.  Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).  The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference."  Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility."  Walters v.Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner.  See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).  The Court may, however, decline to

3

reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## POSITIONS OF THE PARTIES

Wells alleges that he has been disabled since July 15, 2008. Prior to that date, he was employed as a pizza delivery driver. He states that he stopped working, because he "was fired for being too slow" (Tr. 146, 315).[2] He states that he has pain in his knees which prevents him from being able to stand or walk for sustained periods of time (Tr. 182). Wells also alleges depression (Tr. 9), and he complains of migraines, (Tr. 33-34), although he has received no treatment for migraines.

---

[2] At the hearing before the ALJ, Wells's attorney, orally amended the disability onset date to October 5, 2008, apparently based on statements made by Wells that Wells actually had worked delivering pizzas between July and October, 2011 (Tr. 6, 31-32). In addition, Wells states in some places that he was "fired" from the pizza delivery job. At the hearing, however, he indicated that, in fact, he quit the job when his vehicle's transmission "burned up," and he knew that if he "didn't straighten up, they were talking about possibly letting me go anyway" (Tr. 41).

4

Finally, Wells did not claim his obesity as a condition which limited his ability to work prior to his hearing before the ALJ, or at the hearing.[3] However, obesity was noted by the ALJ, and it is an issue on this case.

Wells argues that the ALJ committed error by not addressing "the Plaintiff's anxiety and depression anywhere in his decision." Wells says that remand "is mandated," because the ALJ did not make a specific finding as to the degree of mental limitations in each of these functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. For support, Wells points to "treatment notes" which were made after the issuance of the medical opinions relied upon by the ALJ.

Wells also argues that the ALJ did not properly evaluate Plaintiff's efforts to do part-time work in 2010; that the ALJ failed to "sufficiently analyse" the Plaintiff's obesity; and that the ALJ's finding as to Plaintiff's credibility wasn't properly explained.

The Defendant argues that the ALJ, in fact, did address the mental limitation issues; did properly consider Wells' obesity; did explain his credibility statements; and did consider the part-time work. The Defendant argues that the ALJ did not commit error and that substantial evidence supports the Decision.

## ANALYSIS AND BASIS FOR RECOMMENDATION

For the reasons that follow, the Court recommends that summary judgment in favor of the Commissioner is appropriate in this case. The Court finds that the ALJ properly reviewed

---

[3] Wells is 5'10" and weighs 275 pounds, and was found to have "class 3 extreme obesity" by examiner Dr. Bruce Davis (Tr. 305-306).

and evaluated the medical evidence, giving good explanations for the weight afforded to the medical opinions of record.

### 1. **Mental Impairments**

Wells argues that the ALJ failed to evaluate or even mention his anxiety or depression in the Decision. Specifically, Wells asserts that the ALJ failed to comply with the procedure set forth in 20 C.F.R. § 404.1520a, and further erred in not finding that Wells' mental impairments were severe. The Court finds that the Plaintiff's assignment of error is not well-taken. The ALJ, as required by the applicable regulations, did state in the Decision that he found Plaintiff has only mild limitations in the functional areas of activities of daily living, social functioning, and concentration, persistence, and pace (Tr. 18). The ALJ also found that Wells experienced no episodes of decompensation (Tr. 18).

Plaintiff further argues that the ALJ erred in finding his alleged mental impairments to be non-severe. A severe impairment is an impairment which significantly limits a claimant's physical or mental abilities to do basic work activities. See 20 C.F.R. §§404.1520(c), 416.920(c); see also 20 C.F.R. §§ 404.1521(a), 416.921(a) (defining a non-severe impairment); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (an impairment is not severe "only if it is a slight abnormality that minimally effects work ability, regardless of age, education, or work experience."). Barnhart v. Walton, 535 U.S. 212, 217 (2002); Murphy v. Sec'y of Health and Human Servs., 801 F.2d 182, 185 (6th Cir. 1986). Wells failed to prove that his alleged depression was a separate and distinct severe impairment for any consecutive twelve month period.

6

Moreover, the consultative examination of Dr. Pettigrew further supports the ALJ's findings (Tr. 314-17). In October 2009, Dr. Thomas Pettigrew noted Plaintiff was able to comprehend adequately (tr. 314). He reported Plaintiff "demonstrated well-developed vocabulary and syntax skills and average comprehension. Attention and concentration were not clinically deficient" (Tr. 316). Dr. Pettigrew further stated Plaintiff quickly and accurately solved mental calculations, recalled historic information, and demonstrated intact memory (Tr. 316). Dr. Pettigrew concluded Plaintiff could understand, remember, and carry out simple verbal instructions; did not have deficits in attention, concentration, or persistence; had effective, receptive and expressive language skills; showed no signs of cognitive deficits; reported no problems with social functioning; and could manage his own funds (Tr. 317).

The findings of Brad Williams, M.D., and George W. Livingston, Ph.D., the State agency phsychological consultants who reviewed the record in February 2010 and March 2010, respectively, also support the ALJ's finding that Wells did not have a severe impairment (Tr. 330-43, 344). State agency consultants are highly qualified and experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. In this case, both consultants concluded that Wells did not have a severe impairment (Tr. 330-344). As the ALJ noted, the opinions of Dr. Williams and Dr. Livingston are supported by the objective medical findings and consistent with the record as a whole. The ALJ, therefore, properly gave significant weight to their opinions (Tr. 18).

In his Reply Brief, Wells argues that certain treatment notes were submitted after the expert opinions relied upon by the ALJ (Tr. 404-408). The Court finds that these notes are

7

consistent with the medical record as a whole, which was relied upon by the ALJ, and they do not provide the basis for a remand.

### 2.  Employment with the "Trust in Tennessee" Training Program

Wells was employed in May, 2010 doing part-time work through a vocational training Program called "Trust in Tennessee."  His duties included "general cleaning, sweeping, dusting, mopping, and vacuuming."  Wells resigned from the program in December, 2010 (Tr. 200-202).

Wells argues that the ALJ failed to properly consider his work experience with that employer in terms of how it reflects upon his ability to work.

Evidence from Plaintiff's employer shows that Wells was given special equipment or was given work that was suited to his conditions (Tr. 201).  Wells was allowed to work at a lower standard of productivity (Tr. 201).  At the hearing, Wells testified that he performed several jobs, such as cutting grass and cleaning bathrooms, but that he was told that he was too slow, or his work was taking too long (Tr. 46-47).  Wells quit this employment shortly before he moved from Nashville to Knoxville (Tr. 47).

The Defendant argues that the ALJ, in fact, did make reference in the Decision to this work performed by Wells in 2010.  The Defendant argues that the ALJ noted that the general description by Wells of the work performed was corroborated by the employer (Tr. 20-21).

The Court finds no error by the ALJ in this regard.  The ALJ was presented with evidence that Wells, despite claiming total disability beginning in October, 2008, actually did work, albeit on a part-time basis,[4] doing physical labor for six months in 2010.  Wells wasn't fired, he

---

[4] For "about four hours a day," the ALJ found (Tr. 21).

resigned. Incidentally, this was during the same period Wells told mental health providers at Cornerstone that he wanted to work part-time, and that he feels better when he is working, even though this "hampers" his efforts to obtain disability (Tr. 394, 396, 400).

Faced with this evidence, the ALJ reasonably concluded that nothing in the Plaintiff's work history with "Trust in Tennessee" was inconsistent with the RFC of sedentary work, with restrictions.

### 3. Plaintiff's Obesity

Wells argues that the ALJ did not properly consider his obesity. Plaintiff's obesity is relevant only to the extent that it affected his ability to work. See Higgs, 880 F.2d at 863. The ALJ found that Plaintiff's obesity was a severe impairment, and the ALJ discussed Wells' obesity in assessing his RFC (Tr. 17, Finding no. 3; Tr. 20). The ALJ limited Plaintiff to sedentary work, no climbing ladders, occasional climbing stairs, kneeling, crouching, and crawling, frequent balancing and stooping, and alternating sitting and standing every hour (Tr. 19, Finding no. 5). Sedentary work is defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

At the hearing, Wells testified as follows about sedentary work:

Q.  Well, what about if you just – if you were just sitting down there during a sit-down job with your depression problems and your knee or your legs the way they are, would you be able to do a full-time job?

A.  I really don't know.

(Tr. 38).

The Court agrees with the Defendant that Wells failed to show that his obesity interfered with his ability to work beyond those limitations established by the ALJ.


### 4.  **Plaintiff's Credibility**

Wells argues that the ALJ did not properly evaluate his credibility, or give explanations for his credibility findings.  IF an ALJ finds that a medically determinable condition exists, the ALJ must decide if the objective medical evidence confirms the severity of the alleged symptoms arising from the condition, or if the condition is of such severity that it could reasonably be expected to give rise to the alleged symptoms.  <u>See</u> 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this Court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." <u>Walters</u>, 127 F.3d at 531.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they are inconsistent with the residual functional capacity assessment (Tr. 20).  The Court agrees with the Defendant that Wells failed to provide objective medical evidence confirming the severity of his alleged symptoms, and that the record as a whole does not indicate his condition was of disabling severity.  The

10

medical records do not indicate that Plaintiff's condition was as limiting as he claimed (Tr. 17-21). Examinations performed did not reveal significant abnormalities that would support Plaintiff's subjective complaints. Dr. Davis noted in October 2009 that Wells had full range of motion in his neck, arms and lower back (Tr. 305). Dr. Davis reported that Wells was alert, oriented, interactive, and followed directions (Tr. 305). He concluded Wells could lift up to 50 pounds occasionally, lift up to 20 pounds frequently, carry up to 20 pounds occasionally, and carry up to 10 pounds frequently (Tr. 307). He further states that Wells could sit for 6 hours, stand for 4 hours and walk for 4 hours in an 8 hour day (Tr. 308). Dr. Davis also noted postural and environmental limitations (Tr. 309-11).

The January 2010 assessment by state agency medical-consultant William Downey, M.D., also provides evidence that Plaintiff's condition was not as limiting as he claimed (Tr. 319-27, 345). Dr. Downey stated: "claimant is partially credible as his pain complaints are not consistent with the evidence. . ." (Tr. 326). In March, 2010, Kanika Chaudhuri, M.D., reviewed and affirmed Dr. Downey's assessment (Tr. 345).

The ALJ also noted that Wells was not forthright when questioned about work activity (Tr. 20). The ALJ found that Wells reported not working since October 2008. However, the ALJ questioned Wells, and Wells acknowledged that he worked in 2010 for the program, "Tennessee In Training" (Tr. 21). The ALJ further noted that Plaintiff's description of his job was corroborated, but the ALJ determined Plaintiff's testimony was consistent with a range of sedentary work as found by the ALJ (Tr. 21). Given the evidence of record, substantial evidence supports the ALJ's credibility finding, and the ALJ's assessment of Plaintiff's RFC.

11

Therefore, the Court finds that substantial evidence supports the Commissioner's determination that Plaintiff was not disabled during the relevant period, because he could perform sedentary work, with certain restrictions.

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Judgment On The Administrative Record [Doc. 9] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 10] be **GRANTED**.[5]

Respectfully submitted,

_____s/ H. Bruce Guyton_____
United States Magistrate Judge

---

[5]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).